KENNEDY, Justice.
The petition for writ of certiorari is denied.
This Court agrees that the excluded statements were offered to show the state of mind of the defendant at the time he allegedly committed the offenses, and that, as evidence of his state of mind, the statements were erroneously excluded. We also agree that, because the excluded statements tend to prove that Kellett thought the Board and the City approved of his imposition of higher premiums, the statements tend to negate the element of intent. However, the Court of Criminal Appeals added a statement to the effect that evidence of the mayor’s consent tends to negate the element of intent. The excluded statements in this case come within exceptions to the hearsay rule insofar as they tend to prove the defendant’s state of mind (that Kellett thought the Board and the City approved of his actions), not because they tend to prove the truth of the matter asserted (that the mayor and the manager of the Board consented to his actions). We agree with that part of the Court of Criminal Appeals’ opinion addressing the relevance of the excluded statements to a determination of Kellett’s state of mind. 577 So.2d 915. We do not mean to be understood as approving that part of the Court of Criminal Appeals’ opinion that discusses the effect of the alleged victims’ consent on the element of intent.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.